UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK REISING, JR.,

    Plaintiff,

v.                                                        Case No. 8:22-cv-1376-AAS

KILOLO KIJAKAZI,
**Acting Commissioner,**
**Social Security Administration,**

    Defendant.
_____/

## ORDER

Plaintiff Jack Reising, Jr. requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the Commissioner's decision is **REMANDED.**

**I.    PROCEDURAL HISTORY**

Mr. Reising applied for SSI and DIB on August 8, 2019, alleging an onset of disability of April 14, 2018.[1] (Tr. 275). Disability examiners denied Mr.

---

[1] Mr. Reising's alleged onset date appears to be disputed between the parties. *Compare* (Doc. 15, p. 2) (stating Mr. Reising's alleged onset date was April 14, 2018)

1

Reising's application initially and on reconsideration. (Tr. 69, 78, 91, 101). Following a hearing, the ALJ issued an unfavorable decision to Mr. Reising on December 17, 2021. (Tr. 10–21, 35–61). The Appeals Council denied Mr. Reising's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Mr. Reising now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Mr. Reising was forty-eight years old on the date of the ALJ's decision. (Tr. 62, 169). Mr. Reising has some college education and past relevant work experience as a loan officer, a mortgage manager, and an auto sales manager. (Tr. 298).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in

---

*with* (Doc. 18, p. 1) (stating Mr. Reising's alleged onset date is May 19, 2011). The court in its analysis relies on the alleged onset date of April 14, 2018, used both in the initial adjudication of Mr. Reising's disability claim and by the ALJ in adjudicating Mr. Reising's claim on appeal.

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

substantial gainful activity,[3] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ here determined Mr. Reising had not engaged in substantial gainful activity since April 14, 2018. (Tr. 12). The ALJ found Mr. Reising has

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

[4] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

these severe impairments: human immunodeficiency virus (HIV); and right shoulder disorder. (Tr. 13). However, the ALJ found Mr. Reising's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 15).

The ALJ found Mr. Reising had an RFC to perform light work[5] except:

> where such work does not require more than occasional climbing, crawling, crouching, kneeling, and stooping; no more than frequent overhead reaching with the right upper extremity; and no more than concentrated exposure to extreme temperatures and/or hazards (e.g., unprotected heights, moving mechanical parts).

(Tr. 15–16).

Using a Vocational Expert's (VE) testimony, the ALJ concluded Mr. Reising could perform his past relevant work as a mortgage manager and an auto sales manager. (Tr. 20). Thus, the ALJ concluded Mr. Reising was not disabled at any time from April 14, 2018, through the date of the ALJ's decision. (Tr. 21).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1467(6), 416.967(6).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

5

(stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B. Issue on Appeal

Mr. Reising raises one issue on appeal: that the ALJ failed to fully develop the record by not ordering a consultative examination on Mr. Reising's psychological difficulties. (Doc. 15, pp. 5–11). In response, the Commissioner contends the ALJ sufficiently developed the record. (Doc. 18, pp. 10–13).

An ALJ "has a basic obligation to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Nevertheless, "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for proving evidence in support of his claim." *Id.* Further, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In evaluating the necessity for a remand, the court is guided by "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotation marks omitted).

The ALJ examined the medical evidence and concluded, despite records showing Mr. Reising alleged symptoms of "racing thoughts . . . sadness, depression, hopelessness, substance use," Mr. Reising's mental impairments

caused no more than mild limitations in any given area of mental function. (Tr. 14). The ALJ noted the record contains only one February 2017 entry of inpatient mental health care (well prior to Mr. Reising's alleged disability onset date of April 14, 2018) where Mr. Reising exhibited symptoms of poor mood, hopelessness, and sleep problems. (Tr. 14, 386–87). The ALJ further concluded Mr. Reising's symptoms improved with medication treatment. (Tr. 14, 405). *See* 20 C.F.R. § 416.929(c)(3)(iv); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) ("In evaluating a claimant's residual functional capacity, the ALJ appropriately considers all of the available evidence, including the effectiveness . . . of any medication.").

However, most of the medical evidence on Mr. Reising's mental impairments cited by the ALJ is documentary evidence produced in 2019 or earlier. (Tr. 53). The ALJ cites to only one piece of independent post-2019 medical evidence on Mr. Reising's mental health, a 2021 patient health questionnaire where Mr. Reising allegedly self-reported his symptoms from depression as "minimal." (Tr. 14, 783–86). At the hearing, Mr. Reising objected to the validity of this statement, claiming the questionnaire was incorrectly marked. (Tr. 53). The ALJ reported the conclusions of this health questionnaire (Tr. 14) in his opinion without noting Mr. Reising's challenge to the accuracy of its claims.

This evidentiary gap is important to Mr. Reising's evaluation because

Mr. Reising testified his mental health had "steadily gotten worse" in the years since his initial diagnoses of fatigue and depression. (Tr. 53). As the ALJ acknowledged during the hearing, Mr. Reising suffered for months from an unstable housing situation that arose in part from his inability to maintain employment on account of his mental impairments. (Tr. 42, 53). Mr. Reising testified these increased levels of fatigue and depression lead to increased difficulty in concentrating at work or in social settings. (Tr. 53–54).

As such, the ALJ did not sufficiently develop the record to determine Mr. Reising's mental health. This failure to develop the medical record as to Mr. Reising's impairments and functional ability invariably prejudiced the ALJ's conclusion that Mr. Reising suffered no more that mild limitations in any one area of cognitive functioning and constitutes reversible error. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). *See Christian v. Comm'r of Soc. Sec.*, ("It is reversible error, however, for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision.") (*citing Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

IV. **CONCLUSION**

The Commissioner's decision is **REMANDED** for further consideration, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Jack Reising, Jr. and against the Commissioner consistent with 42 U.S.C.

8

Section 405(g).

      **ORDERED** in Tampa, Florida on April 18, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge